IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 95-271 |
| MICHAEL STRIGANIVICZ, | : | |
| Defendant. | : | |
| | : | |
| | : | |

**MEMORANDUM**

**Younge, J.**                                                                                                                           **July 31, 2023**

## I.        FACTUAL BACKGROUND

On May 16, 1996, Defendant Michael Striganivicz was sentenced to forty-six (46) months' imprisonment in connection with federal counterfeiting charges. On May 21, 1996, judgment was entered—whereby Defendant's federal sentence would be served *consecutively* to the sentence Defendant had already been serving following his state robbery conviction in the Philadelphia Court of Common Pleas. (ECF No. 68.) Following his 30-year state sentence, Defendant, on May 24, 2023, was transferred to federal custody to begin serving his consecutive sentence. (Def. Mot. for Compassionate Release, p. 2, ECF No. 74.) On July 26, 2023, Defendant filed the motion currently pending before this Court—seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018. (Mot. for Compassionate Release, ECF No. 74.) More specifically, Defendant argues that he has "done a very long sentence in Pennsylvania's Correctional System" and that his 79-year-old father (who is in bad health) and his stepmother "need someone to help with their every day living." (Mot. for Compassionate Release, p. 3, CF No. 74.) Defendant asks this Court to amend his sentence to now make it *concurrent* to his original sentence. (*Id.*) The Government opposes Defendant's request—citing the lack of an extraordinary or compelling reason warranting release. (Gov't Resp., ECF No. 76.)

1

## II.     LEGAL STANDARD

The First Step Act of 2018 notes, in relevant part, that a district court "may not modify a term of imprisonment once it has been imposed except that--**(1)** in any case--**(A)** the court…upon motion of the defendant…may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--**(i)** extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  With respect to family circumstances, the Sentencing Commission's policy note instructs that "extraordinary or compelling reasons" include either "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 (Application Note 1(C)(i)-(ii)).  Finally, the defendant "has the burden to prove extraordinary and compelling reasons exist [to warrant compassionate release]." *United States v. Adeyemi*, 470 F. Supp. 3d 489, 512 (E.D. Pa. 2020).

## III.     DISCUSSION

As previously noted, Defendant's arguments for compassionate release center on having already served a very long sentence and the need to care for his elderly father and stepmother. (Mot. for Compassionate Release, p. 3, CF No. 74.)  Perhaps most fatal for Defendant's motion for compassionate release, "[j]udges in [the United States District Court for the Eastern District of Pennsylvania] have yet to find care for elderly or ill parents [rises] to the level of extraordinary and compelling circumstances warranting release." *United States v. Moore*, No. CR 14-209-2, 2020 WL 7024245, at *5 (E.D. Pa. Nov. 30, 2020).  For example, the Eastern District (Pappert, J.) found that "caring for [an] elderly mother does not merit release" because the Sentencing Commission's policy note only speaks to the death or incapacitation of a caregiver of a minor child

or incapacitation of a spouse or registered partner. *United States v. Grasso*, No. CR 17-00436, 2020 WL 5217131, at *2 (E.D. Pa. Sept. 1, 2020). Even if this Court were to expand the Sentencing Commission's scope and definition of "family circumstances" to include elderly parents, judges in the Eastern District have "denied motions for compassionate release premised on sick or elderly parents in the absence of strong evidence the petitioner is the *sole* individual capable of caring for the parent." *United States v. Moore*, No. CR 14-209-2, 2020 WL 7024245, at *5 (E.D. Pa. Nov. 30, 2020) (emphasis in original) (collecting cases).

Here, Defendant only proffers evidence that his elderly father and stepmother need assistance with daily activities—which, in and of itself, is not sufficient to demonstrate an extraordinary or compelling reason for release. Additionally, Defendant has not met his burden for release—as he has not presented any evidence demonstrating that he is the *sole* caregiver for his father and stepmother or that his father or stepmother is incapacitated (assuming that elderly parents are even included in the Sentencing Commission's guidance for which family circumstances rise to the level of extraordinary and compelling).

IV.   **CONCLUSION**

For the foregoing reasons, Defendants' motion for compassionate release is hereby denied without prejudice.

An appropriate Order follows.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　　　　　　　　　  */s/ John Milton Younge*
　　　　　　　　　　　　　　　　　　　　　　　　**JUDGE JOHN MILTON YOUNGE**