IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | |
| | : | |
| v. | : | **CRIMINAL ACTION** |
| | : | |
| **MICHAEL STRIGANIVICZ**, | : | **No. 95-cr-271-1-JMY** |
| Defendant. | : | |
| | : | |
| | : | |

**MEMORANDUM**

**Younge, J.**                                                                                                                                        **January 8, 2025**

**I.    INTRODUCTION**

Currently before this Court is Defendant Michael Striganivicz's *Pro Se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 79).[1] For the reasons set forth in this Memorandum, Defendant's Motion is denied.

**II.   FACTUAL BACKGROUND**

On May 16, 1996, Defendant Michael Striganivicz was sentenced to forty-six (46) months' imprisonment in connection with federal counterfeiting charges. On May 21, 1996, judgment was entered—whereby Defendant's federal sentence would be served *consecutively* to the sentence Defendant had already been serving following his state robbery conviction in the Philadelphia Court of Common Pleas. (ECF No. 68). Following his 30-year state sentence, Defendant, on May 24, 2023, was transferred to federal custody to begin serving his consecutive sentence. (ECF No. 74, p. 2). On July 26, 2023, Defendant filed his first motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

1

Act on December 21, 2018. (ECF No. 74). This Court denied said motion on July 31, 2023. (ECF No. 78).

On December 30, 2024, Defendant filed the motion currently pending before this Court—seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act on December 21, 2018. (ECF No. 79). More specifically, Defendant argues that his "[f]ather's health is deteriorating" and there is "no other caregiver except [Defendant]." (ECF No. 79, p. 6). Defendant asks this Court to amend his sentence to now make it *concurrent* to his original sentence. (ECF No. 79, p. 6). The Government opposes Defendant's request—citing the lack of an extraordinary or compelling reason warranting release. (ECF No. 80).

## III.  LEGAL STANDARD

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides, in pertinent part, that a district court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, "upon motion of the defendant," a court "may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that… **extraordinary and compelling** reasons warrant such a reduction."[2] 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The statute does not define the phrase "extraordinary and compelling" in the "threshold question that determines a person's eligibility for compassionate release." *United States v. Rutherford*, 120 F.4th 360, 365 (3d Cir. 2024) (internal citations omitted). Instead, Congress

---

[2] Prior to a defendant's motion, the statute also requires the defendant to have "fully exhausted all administrative rights." 18 U.S.C. § 3582(c)(1)(A). The Government has not contested whether Defendant has satisfied this requirement, so this Court will not address this issue. Furthermore, the Court can deny the motion on other grounds.

2

instructed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission, in relevant part, provides in Section 1B1.13(b) that "extraordinary and compelling" exists in the following circumstance: "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

The defendant "has the burden to prove extraordinary and compelling reasons exist [to warrant compassionate release]." *United States v. Adeyemi*, 470 F. Supp. 3d 489, 512 (E.D. Pa. 2020).

## IV. DISCUSSION

Defendant's argument for compassionate release centers on his need to provide care for his 80-year-old father because his "step-mother has since passed[,] leaving [his] father alone." (ECF No. 79, p. 6, 17). Defendant argues that his familial circumstances invoke Subsection (b)(3)(C), as defined above. *See* U.S.S.G. § 1B1.13(b)(3)(C).[3][4]

---

[3] In Defendant's *Pro Se* Motion for Compassionate Release, amongst a list of proposed "extraordinary and compelling reasons," Defendant checked a box that cites to Subsection 1B1.13(b)(3)(B), (C), and (D). (ECF No. 79, p. 4-5). Given that Defendant's argument for compassionate release is about his father, this Court understands Defendant's arguments as invoking Subsection 1B1.13(b)(3)(C), which specifically pertains to parents. *See* U.S.S.G. § 1B1.13(b)(3)(C).

[4] In the same list of proposed "extraordinary and compelling reasons," Defendant checked a box that says, *inter alia*, that there "was a change in the law." (ECF No. 79, p. 5-6). The box cites Subsection 1B1.13(b)(6), which the Defendant follows by writing in "Amendment 709." (ECF No. 79, p. 5-6). Defendant goes on to say that "Amendment 709 avers in most cases the Court will order a concurrent sentence." (ECF No. 79, p. 6). This Court understands Defendant's inclusion of this information as an attempt to invoke Subsection 1B1.13(b)(6), which says that "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason." U.S.S.G. § 1B1.13(b)(6). However, Amendment 709 is one of the changes of law that is excluded under Subsection 1B1.13(b)(6) because "Amendment 709 is not one of [the] amendments rendered retroactive in subsection (c), and therefore may not be applied

3

While this Court sympathizes with Defendant's circumstances, compassionate release in such situations is only available if (1) the defendant's parent is incapacitated; and (2) that defendant is the only available caregiver for the parent. *See United States v. Duprey*, No. 10-00101, 2024 WL 3873938, at *2 (D.N.J. Aug. 19, 2024) (denying compassionate release under U.S.S.G. § 1B1.13(b)(3)(C) because the defendant failed to demonstrate "incapacity" and sole caregiver status); *see also United States v. Taylor*, No. 06-00699-3, 2024 WL 3594315, at *6 (D.N.J. July 31, 2024) (denying compassionate release under U.S.S.G. § 1B1.13(b)(3)(C) because the "[d]efendant has not established himself as 'the only available caregiver for the parent.'"); *United States v. Perez*, No. 03-554, 2025 WL 28235, at *6 (E.D. Pa. Jan. 3, 2025) ("To establish the need to care for his ailing mother is an extraordinary and compelling reason, Perez must show both that his mother is incapacitated and that he is the only available caretaker for her."). In this case, Defendant fails to provide adequate evidence that his faither is incapacitated, or that he is the only available caretaker.

A recent decision by Judge Juan R. Sánchez summarizes how courts have defined incapacitation:

> As the Sentencing Guidelines do not define incapacitation, district courts in the Third Circuit have looked to the Bureau of Prisons' program statement on compassionate release for guidance. *See, e.g., United States v. Donald*, No. 21-41, 2024 WL 4581209, at *4 (D. Del. Oct. 24, 2024); *United Sates v. Tobolsky*, No. 21-303, 2024 WL 323476, at *3 (D.N.J. Jan. 29, 2024). The program statement defines "incapacitation" to mean that a person either (1) has "[s]uffered a serious injury, or a debilitating physical illness and the result of the injury or illness is that the [person] is completely disabled, meaning that the [person] cannot carry on any self-care and is totally confined to a bed or chair," or (2) has "[a] severe cognitive deficit

---

retroactively pursuant to Section 3582(c)." *United States v. Zemba*, No. 01-75, 2010 WL 11603072, at *1 (W.D. Pa. May 18, 2010), *aff'd*, 403 F. App'x 649 (3d Cir. 2010); *see also United States v. Brown*, No. 04-0027, 2024 WL 808834, at *3 (D.S.C. Feb. 27, 2024) ("Amendment 709 does not present an extraordinary and compelling reason for relief because the Sentencing Commission did not make the amendment retroactive."). As such, this is not an extraordinary and compelling reason.

(e.g., Alzheimer's disease or traumatic brain injury that has severely affected the [person's] mental capacity or function), but may not be confined to a bed or chair." BOP Program Statement No. 5050.50 at 10 (Jan. 17, 2019), available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited Jan. 3, 2025).

*Perez*, 2025 WL 28235, at *6; *see also United States v. Cobb*, No. CR 18-576-2, 2022 WL 3083034, at *5 (E.D. Pa. Aug. 3, 2022) ("'incapacitated' means 'completely disabled,' and to refer to someone who 'cannot carry on any self-care and is totally confined to a bed or chair.'").

Here, Defendant's father's health issues do not meet the standard of incapacitation. In a statement provided by Defendant's elderly father, he lists the vitamins and medications that he takes, and writes the following: "I live alone with my pet dog. I have good days and more bad ones. I really could use some help with daily chores. Laundry cooking meals, cleaning house and walking the dog. Grocery shopping, transportation to the doctors." (ECF No. 79, p. 17). Further, he lists five of his doctors, their contract information, and notes some of his medical history and needs, including the following: "Implanted Cardiac Rhythm Pacemaker and Defibrillor [sic]," "(Very weak heart)," "Colon and Rectal Surgery," "Colon Bag on my stomach," "Left Knee Replacement," and "Need Right Knee Replacement." (ECF No. 79, p. 17). While this Court recognizes that Defendant's father is facing burdensome health issues, the evidence does not indicate that Defendant's father is completely disabled and confined to a bed or chair.

Moreover, even if this Court were to find that Defendant's father was incapacitated, Defendant has not established that he is the only available caregiver. "Courts have required a statement and letters of documentation that the inmate is the only family member capable of caring for the parent." *Perez*, 2025 WL 28235, at *8. In his motion, Defendant says that there is "no other caregiver," but does not provide additional statements or documentation to corroborate his claim. (ECF No. 79, p. 6). To the contrary, the Government notes that the "1996 presentence report advised that the defendant had three younger siblings, all of whom lived within driving

distance of the Pittsburgh area, where [Defendant's] father continues to reside." (ECF No. 80, p. 7).

Because Defendant has failed to satisfy the requirements of Subsection 1B1.13(b)(3)(C), he does not have an "extraordinary and compelling reason" for compassionate release.

## V.     CONCLUSION

For the foregoing reasons, Defendant's *Pro Se* Motion for Compassionate Release is denied without prejudice.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**